UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERICA MILLIGAN,

          Plaintiff,

v.

GREEKTOWN CASINO, L.L.C.,
et al.,

          Defendants.
_____/

Case No. 2:21-cv-12408

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER**
**GRANTING MOTION TO DISMISS [4]**

Defendant FMLA Source, Inc., moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6). ECF 4. Plaintiff Erica Milligan filed two untimely responses to the motion. ECF 6; 7; *see* E.D. Mich. L.R. 7.1(e)(2)(A). Because Plaintiff's responses were untimely, and because Plaintiff can only file one response to a motion to dismiss, *see* E.D. Mich. L.R. 7.1(c)(3), the Court will order the Clerk of the Court to strike the responses from the docket. As a result, the Court will also order the Clerk of the Court to strike the reply brief. ECF 8. For the following reasons, the Court will grant the motion to dismiss.[1]

---

[1] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* Fed R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

1

## BACKGROUND[2]

Plaintiff worked for Greektown Casino. ECF 2, PgID 14; ECF 2-1, PgID 26. While working there, she requested a medical leave of absence for her pregnancy. ECF 2, PgID 16; ECF 2-1, PgID 29–30.

Defendant FMLA Source is Greektown's "leave management process"; "employees must contact" FMLA Source to begin or change a leave of absence. ECF 2, PgID 14; ECF 2-1, PgID 36. Plaintiff therefore sent FMLA Source a request for "leave from [her] position at Greektown Casino for incapacitation due to pregnancy or childbirth." ECF 2-1, PgID 29–32. A few days after FMLA Source received Plaintiff's request, Greektown fired her. ECF 2, PgID 14, 16; ECF 2-1, PgID 26, 39.

In the end, Plaintiff sued several Defendants, including FMLA Source, for claims under the Americans with Disabilities Act ("ADA"), the Pregnancy Discrimination Act ("PDA"),[3] the Family and Medical Leave Act, Title VII, and the Elliott-Larsen Civil Rights Act ("ELCRA"). ECF 2, PgID 16–23.

## LEGAL STANDARD

The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[2] Because the Court must view all facts in the light most favorable to the nonmoving party, *see Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008), the Court's recitation does not constitute a finding or proof of any fact.
[3] The PDA was an amendment to Title VII. *See Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 212 (2015) (citing 42 U.S.C. § 2000e(k)).

2

555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett*, 528 F.3d at 430.

But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009). To resolve a Rule 12(b)(6) motion, the Court may rely on "exhibits attached [to the complaint] . . . and exhibits attached to [D]efendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims." *Bassett*, 528 F.3d at 430 (citation omitted).

**DISCUSSION**

The Court will grant the motion to dismiss because the allegations fail to show that FMLA Source was Plaintiff's employer under the ADA, the PDA, the Family Medical Leave Act, Title VII, and the ELCRA. Rather, Plaintiff alleged only that Greektown was her employer. ECF 2, PgID 14; ECF 2-1, PgID 26. FMLA Source can therefore only be liable in three scenarios: (1) if the statutes apply to non-employers; (2) if FMLA Source and Greektown were joint employers; or (3) if FMLA Source was Greektown's agent. The Court will analyze each of FMLA Source's potential liabilities given that liability may differ under each statute.

To be liable under the Family Medical Leave Act and the ADA, a defendant must be an employer. *Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 507 (6th Cir. 2006)

3

(citation omitted); *see* 42 U.S.C. 12111(2). A joint employer may also be liable; a joint employment relationship arises when "two or more businesses exercise some control over the work or working conditions of the employee." 29 C.F.R. § 825.106(a).[4] "In a joint employer relationship[,] the analysis assumes separate legal entities exist but that they have chosen to handle certain aspects of their employer-employee relationships jointly." *Grace v. USCAR*, 521 F.3d 655, 665 (6th Cir. 2008) (quotation omitted). A joint employment relationship hinges on the totality of circumstances. 29 C.F.R. § 825.106(b)(1). And "an agent of an employer may be identified as an employer . . . if the employer delegated employment decisions to the agent." *Satterfield v. Tennessee*, 295 F.3d 611, 617 (6th Cir. 2002) (citations omitted); *see also Marshall v. The Rawlings Co. LLC*, 854 F.3d 368, 378 (applying the same agency principles to Family Medical Leave Act claims).

Under the regulations, "a Professional Employer Organization (PEO) [that] contracts with client employers to perform administrative functions such as payroll, benefits, regulatory paperwork, and updating employment policies" is not a joint employer "when it merely performs such administrative functions." 29 C.F.R. § 825.106(b)(2). But a PEO that "has the right to hire, fire, assign, or direct and control the client's employees, or benefits from the work that the employees perform" may be a joint employer. *Id.*

---

[4] The same joint employment standard applies to ADA claims. *Berry v. Univ. Sch. of Nashville*, No. 3:19-cv-00830, 2020 WL 3268732, at *4 (M.D. Tenn. June 17, 2020) (citations omitted).

4

FMLA Source was merely Greektown's claims administrator for employee leave requests. ECF 2, PgID 14; ECF 2-1, PgID 36. In other words, FMLA Source is a PEO. Plaintiff never alleged that FMLA Source had the ability to control her conduct or to fire her. *See generally* ECF 2. In fact, the complaint failed to even allege that FMLA Source was either a joint employer or Greektown's agent. *See generally id.* Thus, FMLA Source cannot face liability under the Family Medical Leave Act or the ADA because it was not an employer, a joint employer, or Greektown's agent.

Under Title VII, and by extension the PDA, "[a]n individual qualifies as an 'employer' . . . if he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing[,] or conditions of employment." *Kauffman v. Allied Signal, Inc., Autolite Div.*, 970 F.2d 178, 185 (6th Cir. 1992) (quotation omitted). "Under the joint-employer theory, an entity that is not the plaintiff's formal employer may be treated under these doctrines as if it were the employer for purposes of employment laws such as Title VII." *Nethery v. Quality Care Invs., L.P.*, 814 F. App'x 97, 102–03 (6th Cir. 2020) (quotation marks and quotation omitted). To be a joint employer, two entities must "share or co-determine those matters governing essential terms and conditions of employment." *Carrier Corp. v. NLRB*, 768 F.2d 778, 781 (6th Cir. 1985) (quotation omitted). And an agency relationship under Title VII arises under the same circumstances as it does under the ADA. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404 n.6 (6th Cir. 1997).

Here, no allegations showed that FMLA Source had any supervisory control or could dictate Plaintiff's employment conditions. *See generally* ECF 2. Again, FMLA

5

Source was merely Greektown's claims administrator for leave requests. ECF 2, PgID 14; ECF 2-1, PgID 36. Given that the analysis for defining an "employer" and "agent" under Title VII is the same as the ADA, any agency claim also fails. *Wathen*, 115 F.3d at 404 n.6. The Court will therefore dismiss the Title VII and PDA claims against FMLA Source because it was not Plaintiff's employer, a joint employer, or Greektown's agent.

Last, Plaintiff asserted that only Greektown was her employer under the ELCRA, codified at Mich. Comp. Laws § 37.2201(a). ECF 2, PgID 17–18. Section 37.2201(a) defines an employer as "a person who has 1 or more employees, and includes an *agent* of that person." (emphasis added). "'Agents' are persons to whom the employing agency delegates supervisory power and authority over subordinates." *Elezovic v. Bennett*, 274 Mich. App. 1, 15 (2007). Because FMLA Source lacked any supervisory power or authority to dictate Plaintiff's "promotions, bonuses, overtime options, raises, shift and job assignments, and termination[]," it was not Greektown's agent under the ELCRA. *Id.* at 12. Thus, the Court will dismiss the ECLRA claims against FMLA Source. Because the Court has dismissed all the claims against FMLA Source, the Court will grant the motion to dismiss.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **STRIKE** ECF 6; 7; 8.

6

**IT IS FURTHER ORDERED** that Defendant FMLA Source, Inc., is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 21, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 21, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager
